UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>           )<br>            Plaintiff,  )<br>   v.  )<br>           )<br>           )<br>SHAWN ANTHONY PIMLETON,  )<br>           )<br>            Defendant.  )<br>_____ ) | CASE NO.   MJ08-6<br><br>DETENTION ORDER |

Offenses charged:

    Count I:    Possession of Cocaine Base, in the form of Crack Cocaine, with Intent to Distribute, in violation of Title 21, U.S.C., Section 841(a) & 841(b)(1)(A)(iii);

    Count II:    Felon in Possession of a Firearm, in violation of Title 18, U.S.C., Section 922(g)(1).

Date of Detention Hearing:

    The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and

DETENTION ORDER
PAGE -1-

the community. The Government was represented by Andrew Colasurdo. The defendant was represented by Paula Deutsch.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug offenses of conspiracy to distribute cocaine. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) This case involves two arrests occurring close in time. Both arrests involve allegations of possession of a controlled substance and possession of a firearm with a least one fully loaded magazine. The second arrest occurred just eight days after posting a bond with the King County Superior Court on the first arrest, where it is alleged he admitted those charges.

(3) The presumption is not overcome given the facts, which pose both risks of danger and flight, particularly in light of his conduct while on bond.

Based upon the foregoing information, which is also consistent with the recommendation of detention by U.S. Pretrial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

DETENTION ORDER
PAGE -2-

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of January, 2008.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-